■ In the Matter of the Custody of ROGER LL., an Infant. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ANNA LL., Respondent.—Mahoney, P. J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered October 17, 1984, which denied petitioner's applica-

tion pursuant to Social Services Law § 358-a for approval of an instrument transferring custody of respondent's child to petitioner.

Petitioner sought to have the child who is the subject of this proceeding removed from his home because of instances of sexual relations between the boy and his younger sisters. The child's mother, in July of 1984, executed a consent for temporary placement with petitioner and also waived her right to a hearing. Petitioner then commenced this proceeding in Family Court seeking approval of the custody transfer. Family Court denied the petition, holding that respondent's consent was not knowing and voluntary and, further, that the transfer of custody was not in the best interest of the child. Petitioner appeals.

The order must be reversed. First, though the order appealed from recites that a hearing was held, petitioner disputes this fact and maintains that it was never notified of a hearing. We note in this regard that the order was a form order. Petitioner's proper remedy to correct this discrepancy was to move to resettle the order before Family Court. However, the interest of disposing of this matter expeditiously would not be served by remitting for that purpose.

It is clear that petitioner never had an opportunity to appear before the instant order was issued. While respondent waived her right to a hearing, petitioner did not waive any right to appear. Before Family Court ruled as it did, it should have provided petitioner with the opportunity to appear. Further, there is absolutely nothing in the record to support Family Court's conclusion that respondent's consent was not knowing and voluntary. Regarding the merits, Family Court has provided this court with a report of the Delaware County Mental Health, Mental Retardation and Alcoholism Clinic recommending that continued placement of the child was not advised. While this report may well support Family Court's decision, particularly in light of the language of respondent's consent that the custody transfer was to continue until petitioner or the above-named clinic suggested that foster care be terminated, there is no indication that petitioner saw, or had an opportunity to respond to, this report, which is not part of the record. Therefore, we reverse and remit the matter to Family Court to promptly hold a hearing on the petition.

Order reversed, on the law, without costs, and matter remitted to the Family Court of Delaware County to hold a hearing within 10 days of the date of the order to be entered

upon this decision. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.