In the Matter of ROGER LL., an Infant. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ANNA LL., Respondent.—Main, J.

This matter has previously been before this court, and the facts giving rise to the present proceeding are set forth in our previous decision (112 AD2d 549). At that time, we reversed Family Court's order dismissing the petition on the ground that Family Court never provided petitioner with an opportunity for a hearing on the petition. Upon remittal, Family Court held the required hearing and again dismissed the petition, finding that respondent's consent to execution of the instrument transferring custody of her child was involuntary, that she was not advised of other services available prior to execution of the instrument and that the instrument failed to adequately advise her of her right to supportive services. Although Family Court found, in its first decision, that the transfer of custody was not in the child's best interest, it made no best interest finding in its most recent decision.

We find no support in the record for Family Court's finding that respondent's consent was involuntary. Although, as Family Court noted, her testimony was rather equivocal concerning the matter, respondent never indicated that she was pressured into executing the instrument transferring custody. While we recognize Family Court's ability to observe respondent's demeanor while testifying, its supposition that respon-

dent testified in a manner so as to gain favor with petitioner appears to be unfounded, especially in light of respondent's testimony that, to the best of her knowledge, she was not at that time the subject of any petition brought by petitioner. Also unsupported by the record is Family Court's conjecture that, at the time respondent executed the consent for temporary placement, which was three days before execution of the instrument transferring custody, petitioner had no intention of filing a petition pursuant to Family Court Act article 10. Both petitioner's representative and respondent testified that respondent was informed that such a petition "probably" would be filed.

Also, we are unpersuaded that the instrument transferring custody inadequately advised respondent of her right to supportive services. Social Services Law § 384-a (2) (c) (ii) requires such an instrument to state, *inter alia,* that the parent or guardian has a right to supportive services. The instrument in this case stated, "I understand that I am entitled to receive counseling to assist me resolve the problems which made it necessary to place my child in foster care and that other supportive services to which I am entitled under law will be offered to me". While this statement does not use the specific statutory language, the clear import of the statement is that respondent had a right to supportive services. Contrary to Family Court's apparent interpretation, the statute does not require enumeration of specific supportive services.

We are therefore of the opinion that the record supports a finding that respondent executed the instrument transferring custody knowingly and voluntarily and because she would be unable to provide adequate supervision for the child in her home, that the requirements of Social Services Law § 384-a were met, and that the placement of the child was in the best interest of the child *(see,* Social Services Law § 358-a [3]). When it was determined that the placement was no longer in the best interest of the child, he was returned to respondent in accordance with the terms of the instrument transferring custody. Family Court's disapproval of the petition thus should be reversed.

Order reversed, on the law and the facts, without costs, petition granted and instrument transferring custody of respondent's child to petitioner approved. Mahoney, P. J., Main, Weiss, Mikoll and Harvey, JJ., concur.